Department of Homeland Security, San Francisco, CA, for Respondent

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Alton George Lewis, a native and citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

We do not consider the materials Lewis references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the past harm Lewis suffered from a gang in Jamaica did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats "constitute[d] harassment rather than persecution."). Substantial evidence also supports the agency's determination that Lewis's fear of future harm from the gang he previously encountered is not objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear not objectively reasonable where the possibility of future harm was too speculative). Thus, Lewis's withholding of removal claim fails.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Finally, substantial evidence supports the agency's denial of CAT relief because Lewis did not show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Jamaican government. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

**Jesus Adrian LOPEZ-MERCARDO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15-73669**

United States Court of Appeals, Ninth Circuit.

Submitted January 18, 2017 *

Filed January 24, 2017

Jesus Adrian Lopez-Mercardo, Pro Se

OIL, David J. Schor, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM [**]

Jesus Adrian Lopez-Mercardo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Lopez-Mercardo testified he had never been harmed in Mexico, but fears harm from unidentified people if he returns. Substantial evidence supports the BIA's conclusions that Lopez-Mercardo failed to establish a well-founded fear of future persecution or that it is more likely than not that he would be persecuted on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear not objectively reasonable where it was too speculative); *see also INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) (explaining the difference between the asylum and withholding of removal standards.) Thus, Lopez-Mercardo's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the agency's denial of CAT relief because Lopez-Mercardo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011)

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

(fear of future torture speculative); *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (evidence did not indicate a particularized threat of torture to petitioner).

## PETITION FOR REVIEW DENIED.